**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-24697-CIV-SCOLA/TORRES

REBECCA WOLZ,

    Plaintiff,

v.

DISNEY STORE USA, LLC,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COUNT V
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, **DISNEY STORE USA, LLC** ("**Disney**"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Count V of Plaintiff **REBECCA WOLZ's** Complaint [D.E. 1].

**SUMMARY OF ARGUMENT**

Plaintiff filed a five-count Complaint against her former employer, Disney, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("**FLSA**") (Counts I through III), the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* ("**FMLA**") (Count IV), and the Florida Whistleblower Act, § 448.102(3), Fla. Stat. ("**FWA**") (Count V). Disney has filed an Answer and Affirmative Defenses to Counts I through IV.

In her FWA claim, Plaintiff alleges that a co-worker, Adriana Lobo, purportedly stalked her and was obsessed with having a romantic relationship with Plaintiff. Compl. ¶ 59. Plaintiff states that she reported Ms. Lobo's stalking behavior to her supervisors, but that the supervisors did not take any corrective action. *Id.* ¶ 62. Plaintiff concludes that Disney retaliated against her because she refused and objected to the stalking. *Id.* ¶¶ 63-64.

The Court should dismiss the FWA claim because Plaintiff did not engage in any statutorily protected activity and, accordingly, cannot establish a *prima facie* case. The FWA proscribes retaliatory action against an employee who objects to "any activity, policy, or practice **of the employer** which is in violation of a **law, rule, or regulation**." § 448.102(3), Fla. Stat. (emphasis added).  **First**, a "violation of a law, rule, or regulation" is defined as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance **applicable to the employer and pertaining to the business**." § 448.101(4), Fla. Stat. (emphasis added).  Clearly, stalking is not applicable to Disney or its business.  **Second,** Ms. Lobo's alleged stalking is not an "activity, policy, or practice of the employer."  Rather, Ms. Lobo's alleged stalking solely involves actions of an employee outside the scope of her employment, and do not involve any activity, policy, or practice of Disney.

## FACTS ALLEGED IN THE COMPLAINT

1. Plaintiff alleges that "co-worker, Adriana Lobo, repeatedly and on a daily basis, stalked Plaintiff and was obsessed with having a romantic relationship with Plaintiff." Compl. ¶ 59.

2. Plaintiff states that Ms. Lobo's actions constitute stalking and violate Section 784.048, Fla. Stat. (Stalking; definitions; penalties).  Compl. ¶¶ 60-61.

3. Plaintiff alleges that she "complained to her supervisors that Ms. Lobo was stalking her, but her supervisors ignored Plaintiff and failed to take any corrective action." Compl. ¶ 62.

4. Plaintiff states that, "In response to Plaintiff's objection and refusal to the stalking, the Defendant created and supported a hostile work environment, harassed

Plaintiff, micromanaged her work, began to reprimand Plaintiff constantly, and ultimately constructively discharged Plaintiff." Compl. ¶ 63.

5. Plaintiff concludes that, "Defendant retaliated against Plaintiff because she refused and objected to the stalking." Compl. ¶ 64.

## **LEGAL STANDARD**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8's pleading requirements, a complaint must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal citation omitted). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). As this Court has stated:

> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly,* 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of

> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

*Stoncor Grp., Inc. v. Airplan USA Corp.,* No. 17-61105-CIV-SCOLA, 2017 WL 6542491, at *1 (S.D. Fla. Dec. 21, 2017).

When reviewing a motion under Rule 12(b)(6), a Court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1081 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH AN FWA CLAIM.

Plaintiff alleges that Disney violated the FWA because she was stalked by Ms. Lobo, and Disney purportedly retaliated against her when she refused and objected to Ms. Lobo's stalking. The FWA states as follows:

> An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

§ 448.102(3), Fla. Stat. To establish a *prima facie* case under the FWA, a plaintiff must make a three-part showing: "(1) that there was a statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action." *Pinder v. Bahamasair Holdings Ltd., Inc.,* 661 F. Supp. 2d 1348, 1351 (S.D. Fla. 2009) (citation omitted); *Trigo v. City of Doral*, 663 F. App'x 871, 873 (11th Cir. 2016).

Plaintiff has failed to establish a *prima facie* case because she did not engage in statutorily protected activity. To determine whether Plaintiff's alleged violation rises to the level of a statutorily protected expression – the first element of the *prima facie* case – the Court must look to two related provisions of the FWA. *See Forsythe v. Longboat Key Beach Erosion Control Dist.,* 604 So. 2d 452, 455 (Fla.1992) (stating that "[w]here possible courts must give full effect to **all** statutory provisions and construe related statutory provisions in harmony with one another") (emphasis in original). As this Court explains:

> The first provision – the essence of the FWA – proscribes retaliatory action against an employee who objects to "any activity, policy, or practice **of the employer** which is in

> violation of a *law, rule, or regulation*." Fla. Stat. § 448.102(3) (emphasis added). The second provision clarifies the first by defining "[l]aw, rule, or regulation" to "include [ ] any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance *applicable to the employer and pertaining to the business*." Fla. Stat. § 448.101(4) (emphasis added). The Court, therefore, must examine whether the subject matter of the laws that were allegedly violated come within the scope of the FWA – "applicable to the employer and pertaining to the business" – and, if so, whether any of those violations constitutes an "activity, policy, or practice of the employer." Fla. Stat. §§ 448.101(4), 448.102(3).

*Little v. Foster Wheeler Constructors, Inc.,* No. 09-61003-CIV-SELTZER, 2010 WL 2035546, at *6 (S.D. Fla. May 24, 2010), *aff'd,* 432 F. App'x 907 (11th Cir. 2011). As explained below, Plaintiff has not demonstrated that she engaged in statutorily protected activity because stalking is (1) not within the FWA's scope since it is inapplicable to Disney or its business and (2) not an activity, policy, or practice of Disney.

### 1. Ms. Lobo's Alleged Stalking is Not "Applicable to the Employer and Pertaining to the Business."

By defining "law, rule, or regulation" as a statute or ordinance that is "applicable to the employer and pertaining to the business," the Florida Legislature limited the scope of actionable violations. *See Little,* 2010 WL 2035546, at *7. This Court has stated that, "The last phrase of the definition [of law, rule, or regulation] indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large." *Pinder,* 661 F. Supp. 2d at 1353. This Court reasoned that "[t]he purpose of the FWA is not only to protect employees from unlawful termination, but to encourage

SHUTTS.COM  |  FORT LAUDERDALE  |  MIAMI  |  ORLANDO  |  SARASOTA  |  TALLAHASSEE  |  TAMPA  |  WEST PALM BEACH

employers to abide by **the various regulations that govern them**." *Id.* at 1351-52 (emphasis added).[1]

Clearly, an employee's stalking of another is not a law applicable to Disney or its business. The stalking statute is a law of general applicability and was not specifically designed to regulate Disney or its business, as opposed to the public at large. Plaintiff has not identified any portion of the stalking statute that was implicated by her complaints to Disney, and has not shown that Disney violated the stalking statute. Accordingly, because Plaintiff's FWA claim is based upon stalking violations that are premised on laws of general applicability, it does not come within the purview of or qualify for the protections provided by the FWA and should be dismissed.

### 2. Ms. Lobo's Alleged Stalking is Not an "Activity, Policy, or Practice of the Employer."

Plaintiff must show that the activity, policy, or practice to which she objected (*i.e.,* stalking) was "of the employer." §§ 448.101(4), 448.102(3), Fla. Stat. To satisfy this requirement, Plaintiff may show that the objected-to activity was undertaken by Disney; alternatively, she may show that the activity was undertaken by an employee (Ms. Lobo), provided that Ms. Lobo was acting within the legitimate scope of her employment or her acts were ratified by Disney. *See McIntyre v. Delhaize Am., Inc.,* No. 8:07–CV–2370–T–30TBM, 2009 WL 1039557, at *3 (M.D. Fla. April 17, 2009) ("A violation of law by an employee as opposed to a defendant employer is irrelevant to, and cannot

---

[1] However, one Florida court stated in a footnote that, "Given the placement of commas in section 448.101(4), we view the phrase 'pertaining to the business' as modifying only a 'local statute or ordinance.'" *Forrester v. John H. Phipps, Inc.,* 643 So. 2d 1109, 1111 n.2 (Fla. 1st DCA 1994). Nonetheless, this Court rejected and declined to follow the *Forrester* court's footnote dicta, finding that it would lead to an illogical result. *Little,* 2010 WL 2035546, at *7.

adequately support, a claim based on the FWA."), aff'd, 403 F. App'x 448 (11th Cir. 2010); *Little*, 2010 WL 2035546 at *9; *Douberley v. Burger King Corp.*, No. 8:06CV1844T17EAJ, 2007 WL 1175757 (M.D. Fla. April 20, 2007) (holding employee's alleged violation of law was "irrelevant and inadequate in a claim based on FWA because [the employee] was merely an employee ... Plaintiff failed to allege any violation of law, rule, or regulation by any Defendant–Employer.") (emphasis in original).

In this case, Ms. Lobo's stalking was not undertaken by Disney; moreover, Ms. Lobo's actions were not within the scope of her employment. "Under Florida law, an employee acts within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master.'" *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) (quoting *Kane Furniture Corp. v. Miranda.* 506 So. 2d 1061, 1067 (Fla. 2d DCA 1987)). Indeed, several courts have found that acts by employees under similar circumstances fell short of satisfying the FWA's first prong. *See e.g., Sussan v. Nova Southeastern University,* 723 So. 2d 933, 934 (Fla. 4th DCA 1999) (dismissing plaintiff's FWA claim, finding that the theft of other employees, to which plaintiff objected, did not fall within the legitimate scope of their employment); *Ruiz v. Aerorep Grp. Corp.,* 941 So. 2d 505, 507 (Fla. 3d DCA 2006) (dismissing plaintiff's FWA claim after concluding that an employer is not responsible for an intentional tort of an employee where the tort was not committed with the purpose of benefitting the interests of the employer); *Kelleher v. Pall Aeropower Corp.,* No. 8:00-CV-365-T-26EAJ, 2001 WL 485119, at *7 (M.D. Fla. Feb. 8, 2001) (finding that an employer was not responsible for an employee's threats and harassment under the FWA where these activities were unrelated to and outside of the legitimate scope of

employment). Accordingly, as Plaintiff has not identified any activity, policy, or practice of Disney to which she objected, Plaintiff is unable to establish the first prong of her *prima facie* case and Count V should be dismissed.

## CONCLUSION

**WHEREFORE**, Disney respectfully requests that the Court enter an Order dismissing Count V of the Complaint.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for Defendant
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
(305) 347-7337
(305) 347-7837 (Facsimile)
rllorens@shutts.com


By: *s/ Rene Gonzalez-LLorens*
    Rene Gonzalez-LLorens
    Florida Bar No. 53790

-10-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th of January, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which sent notice to:

R. Martin Saenz, Esq.
Saenz & Anderson, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Email: msaenz@saenzanderson.com
*Attorneys for Plaintiff*

*s/ Rene Gonzalez-LLorens*
Rene Gonzalez-LLorens

MIADOCS 15890914 2