United States District Court
for the
Southern District of Florida

| Rebecca Wolz, Plaintiff, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Civil Action No. 17-24697-Civ-Scola |
|  | ) |  |
| Disney Store USA, LLC, Defendant. | ) |  |

**Order on Defendant's Motion to Dismiss**

The Defendant Disney Store USA, LLC ("Disney") has filed a motion to dismiss (ECF No. 14). Asserting claims for violations of the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act ("FMLA"), and the Florida Private Whistleblower Act ("FWA"), the Plaintiff Rebecca Wolz alleges, in pertinent part, that she complained to her supervisors that one of her co-workers was stalking her, and when they failed to take action, she was constructively discharged. Disney argues that the Plaintiff's FWA claim should be dismissed because she did not engage in any statutorily protected activity. For the reasons set forth below, the Court **grants** Disney's motion to dismiss (**ECF No. 14**).

**1. Background**

The Plaintiff was an employee of Disney working as an assistant manager. She alleges that one of her female co-workers was obsessed with having a romantic relationship with her, and repeatedly stalked her on a daily basis. When the Plaintiff complained to her supervisors, they allegedly ignored her complaints and took no corrective action. The Plaintiff apparently rejected the co-worker's advances, after which she allegedly endured a hostile work environment, resulting in her constructive discharge. In Count 5 of the complaint (ECF No. 1), the Plaintiff asserts a claim for violation of the FWA, alleging that Disney retaliated against her because she refused and objected to being stalked by her co-worker.

**2. Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading

standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### 3. Analysis

The FWA prohibits an employer from taking "any retaliatory personnel action against an employee because the employee has [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). The FWA defines "law, rule, or regulation" as including "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). "The purpose of the FWA is not only to protect employees from unlawful termination, but to encourage employers to abide by the various regulations that govern them." *Pinder v. Bahamasair Holdings Ltd., Inc.*, 661 F. Supp. 2d 1348, 1351-52 (S.D. Fla. 2009) (King, J.). In order to state a claim for violation of the FWA, a plaintiff must allege that she objected to or refused to participate in an unlawful activity, that she suffered an adverse employment

action, and that a causal relationship exists between her objection and the employment action. *Gleason v. Roche Labs., Inc.*, 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010).

Disney argues that the Plaintiff's allegations fail to state a claim for violation of the FWA because she did not engage in any statutorily protected conduct, as the law, rule, or regulation encompassed by the FWA must be applicable to Disney and its business, and, in any event, that stalking does not constitute an "activity, policy, or practice of the employer," under the FWA. The Plaintiff maintains that the law, rule, or regulation complained of should not be interpreted so narrowly, relying upon a footnote in *Forrester v. John H. Phipps, Inc.*, 643 So. 2d 1109, 1111 n.2 (Fla. 1st DCA 1994), and argues that Disney's failure to address the co-worker's behavior amounted to a ratification of such behavior.

The Plaintiff's reliance on *Forrester* is misplaced, as this Court has considered and effectively rejected such an interpretation. Indeed, in *Pinder*, the Court stated explicitly that "[t]he last phrase of the definition indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large." *Pinder*, 661 F. Supp. 2d at 1353. The Court further stated that "laws against theft, battery, threats, and sexual harassment are generally applicable laws." *Id.* More recently, the Court directly addressed *Forrester*, in which the Florida court stated in a footnote that "[g]iven the placement of commas in section 448.101(4), we view the phrase 'pertaining to the business' as modifying only a 'local statute or ordinance.'" *Forrester*, 643 So. 2d at 1111 n.2. In rejecting the Florida court's rationale, this Court aptly noted that such construction would produce an illogical result—namely, broad protection for purported violations of state or federal law, and narrow protections for purported violations of local laws. *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV, 2010 WL 2035546, at *7 (S.D. Fla. May 24, 2010) (Seltzer, Mag. J.). In the present case, the Plaintiff alleges that she complained of violations of the Florida stalking statute, which is not a law applicable to Disney's business, and therefore not covered by the FWA. As such, the Plaintiff fails to state a claim for violation of the FWA. Because Disney's first argument is dispositive, the Court does not consider the remaining argument.

### 4. Conclusion

Accordingly, Disney's motion to dismiss Count 5 of the complaint (**ECF No. 14**) is **granted**, with leave to amend. The Plaintiff shall file her amended complaint **on or before April 20, 2018**. Disney shall file its response to the amended complaint **on or before April 27, 2018**.

**Done and ordered** at Miami, Florida, on April 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge